**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Grady V. LAKE, Defendant-Appellant.**

No. 78–5558

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 30, 1979.

Rehearing Denied May 3, 1979.

Paul S. Weiner, Jonesboro, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Lake appeals his conviction on four counts of using and causing to be used false documents in connection with a controversy over the amount of his income taxes for two taxable years. 18 U.S.C. § 1001. The Revenue Service audit for the years in question indicated a discrepancy between Lake's income and his standard of living.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

At a conference with a Service representative, Lake's attorney presented him promissory notes indicating that during the questioned years Lake had been the beneficiary of loans from friends or associates totalling approximately $15,000, an amount going a considerable way toward justifying the apparent discrepancy. Some of these were marked to indicate payment after the close of the years in question, some appeared still outstanding. As a result of these representations, Lake's deficiency was decreased.

Evidence at trial, both direct and circumstantial, viewed in a light favorable to the guilty verdict, established that Lake had procured these notes for use in disputing his tax liability and they were spurious. There was, for example, testimony by one of Lake's acquaintances that Lake had approached him with a request that he claim he had made Lake a large loan that was outstanding during the questioned years, marking a note for it "paid" as of a later date, for use in deceiving the Revenue Service. Lake also confided to him that he was talking to several of his friends in an effort to obtain additional notes to explain his deficiencies. Three of the supposed lenders each testified that both the loans by and the notes to him were spurious.

Proof of the offense charged against Lake required a showing, by evidence sufficient to permit a jury to conclude beyond a reasonable doubt, of a material false statement or document deliberately, knowingly, and willfully made or presented to an agency of the United States on a matter within its jurisdiction. *United States v. Lange,* 528 F.2d 1280 (5th Cir. 1976). Lake argues, in the face of the above, that the evidence is insufficient to support his conviction because the power of attorney furnished his counsel did not authorize him in specific terms to furnish the false notes to the agency.

It will not wash. Entirely aside from nice questions of general versus special powers of attorney, implied powers arising from their terms, estoppel, and ratification, there is ample evidence in this record from which the jury could have concluded that Lake knowingly procured the false promissory notes for the express purpose of tendering them to the Service, furnished them to his attorney for that purpose, and intended that they be so used. There was even evidence from which the jury could have inferred that Lake must have known that they were so applied and have accepted the benefits of their application. Assuming he did so, the fact that his written authorization to his attorney did not expressly authorize such actions is of no moment.

AFFIRMED.